19389. HAISTEN *et al. v.* TANNER-BRICE CO., INC., OF GEORGIA.

ARGUED JUNE 12, 1956—DECIDED JULY 9, 1956.

*Fort & Fort*, for plaintiff in error.

*Dykes, Dykes & Marshall*, contra.

WYATT, Presiding Justice. 1. The description in the deed from the plaintiffs to Mrs. D. T. Mills reads in part as follows: "That certain house and lot in the City of Americus, Sumter County, Georgia, the same being numbered 108 East Church Street. Said lot beginning at the southwest corner of the property now occupied by Mrs. W. C. Wright on the north side of East Church Street, thence from said point of beginning run west along the north side of East Church Street a distance of sixty (60) feet taking in the driveway on the west side of said lot, thence turn right and run in a northerly direction a distance of one hundred seventy (170) feet, thence turn right and run in an easterly direction a distance of sixty (60) feet, thence turn right and run in a southerly direction a distance of one hundred seventy (170) feet to the north side of East Church Street and the point of beginning, all measurements being more or less."

The evidence showed that the distance from the rear line of

the property to the north side of East Church Street was 190 feet, and that the distance from the rear line of the property to the sidewalk was 170 feet. Plaintiffs in error contend that their deed did not convey the 15-foot strip here involved, and that Mrs. Mills could not convey the same to the defendant in error. We can not agree with this contention. The beginning point of the description in the deed is a point on the north side of East Church Street, and the south line of the property is described as running west from the point of beginning along the north side of East Church Street. The description provides further that the line should continue north 170 feet, thence easterly 60 feet, and thence in a southerly direction 170 feet to the point of beginning on the north side of East Church Street. This clearly includes the fifteen-foot strip of land here involved, and the fact that it is more than 170 feet from the north side of East Church Street to the north line of the property can in no way affect the fact that the beginning point of the description is on the north side of East Church Street, and that the south line of the property is described as running along the north side of East Church Street, which unavoidably includes the fifteen-foot strip here involved. The evidence therefore certainly demanded the finding that the petitioners had conveyed their interest, whatever it was, to the grantor of the defendant in error. It was therefore not error to direct a verdict in favor of the defendant in error.

2. The special grounds all complain because the court refused to allow certain evidence to be introduced. The evidence ruled out consisted of testimony, the greater part of which had the effect of varying the terms of the deed from the plaintiffs to Mrs. Mills, and was clearly inadmissible. See *Thompson* v. *Hill*, 137 *Ga.* 308 (73 S. E. 640); *Stewart* v. *Latimer*, 197 *Ga.* 735 (30 S. E. 2d 633). The remainder of the evidence ruled out was purely hearsay, and was certainly inadmissible under Code § 38-301. It follows, there was no error in the judgment denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*